## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF THE DISTRICT OF COLUMBIA

DIXIE GRALEY        *

       Plaintiff,      *

v.        *   Case No.: 1:07CV00047

UZAN-HUNINGTON BANK      *

       Defendants      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NAMED DEFENDANT UZAN-HUNINGTON BANK'S MOTION TO DISMISS
_____

**COMES NOW** the Named Defendant, **UZAN-HUNINGTON BANK**, by and through its attorneys **JEFFREY R. SCHMIELER, BRIAN E. HOFFMAN, and** *SAUNDERS & SCHMIELER, P.C.* and files this Motion to Dismiss, and in support of its Motion to Dismiss and in support thereof states as follows:

1.     The Complaint must be dismissed for insufficiency of process.

2.     The Complaint must be dismissed for insufficiency of service of process.

3.     The Complaint must be dismissed for failure to state a claim upon which relief can be granted.

4.     The Complaint must be dismissed for lack of subject matter jurisdiction.

5.     The Complaint must be dismissed for lack of personal jurisdiction over the named Defendant.

6.     The named Defendant does not exist.

7.     The Plaintiff sues for alleged injuries arising from a trip and fall in Ohio.

Plaintiff resides in Ohio. Even if the Plaintiff had served an existing Defendant, said Defendant is not domiciled in D.C., is not organized under the laws of D.C., does not conduct business in D.C., owns no property in D.C., operates no offices in D.C., maintains no employees in D.C., maintains no resident agent in D.C., and was not served in D.C.

8.    Even if the Plaintiff had served an existing Defendant, said Defendant's principal place of business is Ohio, thus extinguishing any diversity in this case and any claim of subject matter jurisdiction with this Court.

**WHEREFORE,** for the foregoing premises and those contained in the attached Memorandum of Law in Support of the instant motion, it is respectfully requested that this Honorable Court dismiss the Plaintiff's Complaint with prejudice.

Respectfully Submitted,

_____

**JEFFREY R. SCHMIELER, #035964**
**BRIAN E. HOFFMAN, #473860**
**SAUNDERS & SCHMIELER, P.C.**
8737 Colesville Road, Suite L-201
Silver Spring, MD  20910
(301) 588-7717
***Counsel for Named Defendant***
***UZAN-HUNINGTON BANK***

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF THE DISTRICT OF COLUMBIA

**DIXIE GRALEY**                                        *

      **Plaintiff,**                              *

**v.**                                                 *   **Case No.: 1:07CV00047**

**UZAN-HUNINGTON BANK**                                 *

      **Defendants**                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## NAMED DEFENDANT UZAN-HUNINGTON BANK'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
_____

**COMES NOW** the Named Defendant, **UZAN-HUNINGTON BANK**, by and through

its attorneys **JEFFREY R. SCHMIELER, BRIAN E. HOFFMAN, and *SAUNDERS &

SCHMIELER, P.C.*** and files this Memorandum of Law in Support of its Motion to Dismiss,

and in support thereof states as follows:

### INTRODUCTION

On January 8, 2007, Plaintiff filed a Complaint in the United States District Court for

the District of Columbia naming **UZAN-HUNINGTON BANK** as the Defendant. The

Complaint fails to identify the grounds upon which jurisdiction lies in this Court, in violation

of Rule 8(a)(1). See Fed. R. Civ. P. 8(a)(1). The Complaint alleges that the Plaintiff tripped

and fell while exiting a bank in Zanesville, Ohio. Although the Complaint does not allege that

she fell on property owned by the bank, or even that the named Defendant owned or

operated the bank, we can assume for the purposes of this motion that the Plaintiff intended

to allege that the named Defendant owned the subject bank and that she fell on property

allegedly owned by said bank.

For some reason, despite her falling in Ohio, the Plaintiff elected to file this suit in U.S. District Court for the District of Columbia. The Complaint fails to mention the District of Columbia and fails to allege how this Court otherwise has jurisdiction. The instant motion demonstrates that this Court lacks both subject matter jurisdiction over this matter as well as personal jurisdiction over the named Defendant, and further that the process and service of process are defective.

## ARGUMENT

### I.    THE LEGAL STANDARD FOR A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; LACK OF SUBJECT MATTER JURISDICTION; DEFECTIVE PROCESS AND SERVICE; AND FAILURE TO STATE A CLAIM

Fed. R. Civ. P. 12(b) allows a motion for dismissal for lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, insufficiency of process, and insufficiency of service of process. "The Plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." Crane v. New York Zoological Society, 894 F.2d 454, 456 (D.C. Cir. 1990). Specific facts, not merely conclusory statements, must be alleged to make a prima facie showing of personal jurisdiction. First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (1988).

### II.    PROCESS AND SERVICE OF PROCESS ARE INSUFFICIENT AND THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Summons and Complaint served in this case identifies the Defendant as **UZAN-**

4

**HUNINGTON BANK**.  No corporation, organization, or entity exists by that name.  <u>See</u> Affidavit of Denny Thompson, attached hereto and incorporated herein as Exhibit 1. Certainly, no entity by that name is registered according to the District of Columbia Corporation Division.  <u>See</u> Exhibit 2.  Because **UZAN-HUNINGTON BANK** does not exist, the Summons is defective and insufficient as it does not identify the legal name of any entity served in this case.

Furthermore, service of process is likewise insufficient because the process served does not match the entity upon which it was served.  Because **UZAN-HUNINGTON BANK** does not exist, it has never been served with process.

Similarly,  because **UZAN-HUNINGTON BANK** does not exist, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  It fails to state a claim against an existing Defendant, and in any event, relief may not be granted against a Defendant that does not exist.

The remainder of this motion will assume that the Plaintiff intended to serve a corporation which does exist, Huntington Bancshares Incorporated.  In doing so, the named Defendant and any future named Defendant preserves all of its defenses and denials of the allegations contained in the Complaint, and the below arguments are not to be construed as an admission that Huntington Bancshares Incorporated owned or operated the property at issue or that the Plaintiff fell thereon.

III.    **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA DOES NOT HAVE PERSONAL JURISDICTION OVER HUNTINGTON BANCSHARES INCORPORATED**

This section assumes that the Plaintiff may have intended to sue Huntington Bancshares Incorporated (hereinafter "Huntington").

Personal Jurisdiction exists if authorized by statute and due process is satisfied. Cohane v. Arepja-California, Inc., 385 A.2d 153, 159 (D.C. 1978).  Under the District of Columbia law there are three possible means for personal jurisdiction to exist.  One, if Huntington's actions in the District of Columbia qualify as "doing business" in the District of Columbia and service was proper according to D.C. Code Ann. § 13-334, then personal jurisdiction is proper for any claim.  Two, if Huntington has an "enduring relationship" with the District of Columbia, then personal jurisdiction exists for any claim according to D.C. Code Ann. § 13-422. Three, if one of the grounds under D.C. Code Ann. § 13-423(a) is satisfied, then personal jurisdiction is proper for that particular ground. D.C. Code Ann. § 13-423(b). The Plaintiff fails to allege facts that support any of these grounds for personal jurisdiction.

### A.   The Court does not have personal jurisdiction under D.C. Code Ann. § 13-334 because Huntington is not "doing business" in the District of Columbia and Huntington was not properly served.

D.C. Code Ann. § 13-334(a) provides that:

In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or when he is absent and can not be found, by leaving a copy at the principal place of business or residence of the agent in the district, and that service is effectual to bring the corporation before the court.

In Everett v. Nissan Motor Corp. in U.S.A., 628 A.2d 106 (D.C. 1993), the District Court of Appeals stated:

6

> This "doing business" statute preceded the modern long-arm statute and "continues to exist as a basis for personal jurisdiction alongside the more comprehensive long-arm provisions ... in the D.C. Code." [citation omitted] Unlike the long-arm statute, § 13-334 "confers jurisdiction over the defendant for all purposes, not merely for those claims arising out of the defendant's contacts with the District." [citation omitted] Despite its breadth, however, § 13-334 "must be construed more narrowly in cases where the relief bears no relation to the contacts with the District which form the jurisdictional base." [citation omitted]. 628 A2d at 108.

Doing business has been interpreted to mean "any continuing corporate presence in the forum state directed at advancing the corporation's objectives" AMAF Int'l Corp. v. Ralston Purina Co., 428 A.2d 849, 851 (D.C. 1981).

The Plaintiff herein has failed to allege any facts indicating that Huntington conducts any business in D.C. or has any corporate presence in D.C. whatsoever.  Nonetheless, Huntington in fact conducts no business in D.C., has no corporate presence in D.C., owns no property in D.C., operates no offices in D.C., and maintains no employees in D.C.  See Exhibit 1.  In addition, Huntington maintains no resident agent in D.C.  See Exhibit 3.

Additionally, personal jurisdiction is not proper under D.C. Code Ann. § 13-334(a) because service was not made in accordance with the statute.  D.C. Code Ann. § 13-334(a) requires service to be made **in the District of Columbia**. Everett v. Nissan Motor Corp. in U.S.A., 628 A.2d at 108.  In Everett, the Court of Appeals held that service made by certified mail to California did not comply with the statute and precluded the plaintiff from using §13-334 to establish personal jurisdiction.  Id.  In the instant case, ignoring for the moment the defective process and defective service of process issues, Huntington was served by certified mail in Ohio, not in the District of Columbia. See Affidavit of Service.  Since Plaintiff did not follow the requirements of D.C. Code Ann. § 13-334, that statutory provision cannot

be the basis for personal jurisdiction.  To the extent that Plaintiffs relied on such provision,

the complaint should be dismissed for lack of personal jurisdiction.

> **B.    The Court does not have personal jurisdiction under D.C. Code Ann. § 13-422 because Huntington does not have an enduring relationship with the District of Columbia.**

D.C. Code Ann. § 13-422 provides that:

> A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.

The Plaintiff does not allege any facts that show that Huntington is domiciled in,

organized  under the laws of, or maintains its principal place of business in the District of

Columbia.  Having failed to do so, the Plaintiff cannot rely on § 13-422 to establish personal

jurisdiction.  Nevertheless, in fact, Huntington is not domiciled in the District of Columbia, is

not incorporated in the District of Columbia, and does not maintain its principal place of

business in the District of Columbia.  See Exhibit 1.

> **C.    The Court does not have personal jurisdiction under D.C. Code Ann. § 13-423 because Huntington does not transact business in the District of Columbia and the injury occurred in Ohio**

D.C. Code Ann. § 13-423(a) outlines the following grounds for personal jurisdiction:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
> (1) transacting any business in the District of Columbia;...
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; ...

These grounds are limited by subsection (b), which states that "[w]hen jurisdiction over a

person is based solely upon this section, only a claim for relief arising from acts enumerated

8

in this section may be asserted against him." The limitation on personal jurisdiction provided by D.C. Code Ann. § 13-423(b) "is meant to prevent the assertion of claims in the forum state that do not bear some relationship to the acts in the forum state relied upon to confer jurisdiction." Cohane v. Arpeja-California, Inc., 385 A.2d at 159.

> 1.    The Plaintiff does not allege facts sufficient to satisfy the requirements of D.C. Code Ann. § 13-423(a)(1).

D.C. Code Ann. § 13-423(a)(1) gives the court personal jurisdiction if the defendant transacts any business in the District of Columbia, but D.C. Code Ann. § 13-423(b) requires the cause of action to be related to that business. Schwartz v. CDI Japan, Ltd., 938 F. Supp. 1 (D.D.C. 1996), outlined the test for jurisdiction used by District of Columbia courts under this section as:

> "To establish personal jurisdiction under Section 13-423(a)(1), a plaintiff must show: (1) that the defendant transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant had minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." [Citation omitted] 938 F. Supp. at 4.

Under the first prong of the test, the Plaintiff must show that the defendant transacts business in the District of Columbia. The Plaintiff must allege specific facts and not conclusory statements to make a prima facie showing. See First Chicago Int'l v. United Exchange Co., 836 F.2d at 1378 (1988). The Plaintiff must also allege contacts with the District of Columbia. Novak-Canzeri v. Saud, 864 F. Supp. 203, 206 (D.D.C. 1994). The Plaintiff fails to allege any specific facts demonstrating that Huntington transacts business in the District of Columbia, and in fact, it does not. See Exhibit 1.

Under the second prong of the test, the claim must arise out of the transacted business in the District. Schwartz v. CDI Japan, Ltd., 938 F. Supp. at 4. Here, the claims

alleged by the Plaintiff arise out of an accident in Ohio based upon the operation of a business in Ohio. Even if the Defendant were to transact business in D.C., it must be that particular business which gives rise to the claim. Cockrell v. Cumberland Corp., 458 A.2d 716 (D.C. 1983), Everett v. Nissan Motor Corp. in U.S.A., 628 A.2d at 107, Berwyn Fuels, Inc. v. Hogan, 399 A.2d 79 (D.C. 1979).

> 2. *The requirement for personal jurisdiction under D.C. Code Ann. § 13-423(a)(4) is not satisfied because the alleged torts occurred outside the District of Columbia.*

D.C. Code Ann. § 13-423(a)(4) requires that the tortious injury must occur in the District of Columbia. Gandal v. Telemundo Group, Inc., 997 F.2d 1561, 1565 (D.C. Cir. 1993). The Complaint alleges that Plaintiff' injuries resulted from an fall in Ohio. Thus the claims complained by Plaintiff do not arise in the District of Columbia and personal jurisdiction is not proper under D.C. Code Ann. § 13-423(a)(4).

For all of the above reasons, and Plaintiff having failed to satisfy any potential element of personal jurisdiction over the named Defendant or any purported Defendant, the Complaint must be dismissed for the lack of personal jurisdiction.

## IV. THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA DOES NOT HAVE SUBJECT MATTER JURISDICTION

This section again assumes that the Plaintiff may have intended to sue Huntington Bancshares Incorporated.

Subject matter jurisdiction for this case can exist in District Court only if the Complaint has alleged and satisfied one of the two foundations for such jurisdiction. First, if the Complaint deals with a federal question, and specifically if the claims arise under the Constitution, laws, or treaties of the United States, subject matter jurisdiction will be satisfied.

10

28 U.S.C. § 1331. The Complaint contains no such allegations and is rather a personal injury case arising from common tort law.

The only other way in which this Court could have subject matter jurisdiction for this matter is if diversity exists among the parties. 28 U.S.C. § 1332(a) requires that in order for subject matter jurisdiction to exist in District Court, as applied to this case, the Plaintiff and Defendant must be citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). In the case *sub judice*, Plaintiff is a citizen of Ohio, where the incident occurred. Huntington has its principal place of business in Ohio, and in any event, is not incorporated in the District of Columbia. See Exhibit 1. Because all parties and/or purported/potential parties are citizens of Ohio, no diversity is present in this case, which strips this Court of subject matter jurisdiction.

## CONCLUSION

Because the named Defendant, **UZAN-HUNINGTON BANK** does not exist, the Complaint must be dismissed for insufficient service of process, insufficient process, and failure to state a claim upon which relief can be granted. Notwithstanding, if the Plaintiff intended to sue Huntington Bancshares Incorporated, this Court lacks personal jurisdiction over such Defendant because it does not conduct business in the District of Columbia, is not incorporated in the District of Columbia, maintains no offices, property, or employees in the District of Columbia, was not served in the District of Columbia, and has no resident agent in the District of Columbia. Lastly, this Court lacks subject matter jurisdiction over this matter because no federal question or diversity is presented in this case. Wherefore, the Named Defendant respectfully requests this Honorable Court dismiss the Complaint against it.

11

Respectfully Submitted,


/s/ Brian E. Hoffman
**JEFFREY R. SCHMIELER, #035964**
**BRIAN E. HOFFMAN, #473860**
***SAUNDERS & SCHMIELER, P.C.***
8737 Colesville Road, Suite L-201
Silver Spring, MD 20910
(301) 588-7717
***Attorneys for Named Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a copy of this Motion to Dismiss, Supporting Memorandum of Law, Request for Hearing, and proposed Order on this **_9th_** day of **_February 2007,_** by mailing a copy postage prepaid to:

Dixie Graley
10206 S River Road
McConnesville, Ohio 43756

/s/ Brian E. Hoffman

**Brian E. Hoffman**

13

# AFFIDAVIT OF DENISE LOVE THOMPSON

I, **DENISE LOVE THOMPSON,** do hereby make Affidavit as follows:

1.      That I am over eighteen (18) years of age and am competent to make this affidavit.

2.      I am employed by Huntington Bancshares Incorporated as _Vice President_ and as a result of my position I am competent to testify to the matters and things set forth herein.

3.      That the named Defendant in this matter, Uzan-Hunington Bank does not exist.

4.      No company, corporation, organization, or entity with the name Uzan-Hunington Bank owns, operations, or maintains any interest in any bank located at 819 Maysville Avenue, Zanesville, Ohio, 43701, or at an other address to the best of my knowledge.

5.      That to the extent that the Plaintiff intended to sue Huntington Bancshares Incorporated, this corporation does not conduct business in the District of Columbia, owns no property in the District of Columbia, operates no branches in the District of Columbia, and maintains no employees in the District of Columbia.

6.      That to the extent that the Plaintiff intended to sue Huntington Bancshares Incorporated, this corporation's principal place of business and headquarters is, and always has been, in the State of Ohio.

7.      That to the extent that the Plaintiff intended to sue Huntington Bancshares Incorporated, this corporation has never been domiciled in, incorporated in, or organized under the laws of the District of Columbia.

**I SOLEMNLY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING**

EXHIBIT __1__

**AFFIDAVIT ARE TRUE AND CORRECT.**

Feb 8  2007
Date

Denise Love Thompson, VP
**Denise Love Thompson**

| DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT |





Organization Information     

DCRA HOME

SERVICES
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
  Status
Permits

INFORMATION

ONLINE SERVICE
  REQUESTS

# Registered Organization Search
STEP  1  2  3  **Your Search Results**

Searched for: **uzan**

Your search for uzan resulted in no matches.

| Return To Organization Homepage | Print Page | New Search |

For more information, contact the Corporation Division (202) 442-4400 or email us.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by
Topic  |  Agencies  |  DC
Council  |  Search  |
    Elected Officials
Feedback  |  Translation
|  Accessibility  |  Privacy
& Security  |  Terms &
    Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

EXHIBIT

Case 1:07-cv-00047-RWR    Document 5-3    Filed 02/09/2007    Page 2 of 2





**Organization Information** 

DCRA HOME

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
  Status
Permits

**INFORMATION**

**ONLINE SERVICE
  REQUESTS**

## Registered Organization Search

STEP  1  2  3  **Your Search Results**

Searched for: **uzan-huntington**

Your search for uzan-huntington resulted in no matches.

| Return To Organization Homepage | Print Page | New Search |
|---|---|---|

For more information, contact the Corporation Division (202) 442-4400 or email us.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by
Topic | Agencies | DC
Council | Search |
Elected Officials

Feedback | Translation
| Accessibility | Privacy
& Security | Terms &
Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004



| DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT |



**MAYOR**
**Adrian M. Fenty**

Organization Information



**DCRA HOME**

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
  Status
Permits

**INFORMATION**

**ONLINE SERVICE
  REQUESTS**

## Registered Organization Search
STEP  1  2  3  Your Search Results

Searched for: **Huntington Bancshares**

Your search for Huntington Bancshares resulted in no matches.

[ Return To Organization Homepage ]   [ Print Page ]   [ New Search ]

For more information, contact the Corporation Division (202) 442-4400 or email us.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by
Topic | Agencies | DC
Council | Search |
Elected Officials
Feedback | Translation
| Accessibility | Privacy
& Security | Terms &
Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004



EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA**

**DIXIE GRALEY**                                              *

    **Plaintiff,**                        *

**v.**                                                        *    **Case No.: 1:07CV00047**

**UZAN-HUNINGTON BANK**                                       *

    **Defendants**                        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**
_____

**UPON CONSIDERATION** of Named Defendant **UZAN-HUNINGTON BANK'S**

Motion to Dismiss Plaintiff's Complaint, and any opposition thereto, it is hereby this

_____ day of _____, 2007,

   **ORDERED**, that Named Defendant **UZAN-HUNINGTON BANK'S** Motion to

Dismiss Complaint is hereby **GRANTED;** and it is further

   **ORDERED**, that the Plaintiff's Complaint is **DISMISSED with PREJUDICE.**

        _____

        **JUDGE**

Copies to:

Dixie Graley
10206 S. River Road
McConnesville, Ohio 43756
*Plaintiff*

Jeffrey R. Schmieler, Esquire
Brian E. Hoffman, Esquire
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
*Counsel for Named Defendant*