## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ───────────────────────── ) | |
| DIXIE GRALEY,                              ) | |
|                            ) | |
|     Plaintiff,                     ) | |
|                            ) | |
|     v.                                ) | Civil Action No. 07-47 (RWR) |
|                            ) | |
| UZAN BANK-HUNINGTON,            ) | |
|                            ) | |
|     Defendant.                    ) | |
| ───────────────────────── ) | |

## ORDER

Defendant has moved to dismiss the complaint.  Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of this Court.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 12(b) of the Federal Rules of Civil Procedure, which states in pertinent part:

> If, on a motion asserting the defense
> numbered (6) to dismiss for failure of the
> pleading to state a claim upon which relief
> can be granted, matters outside the pleading
> are presented to and not excluded by the
> court, the motion shall be treated as one for
> summary judgment and disposed of as provided
> in Rule 56, and all parties shall be given
> reasonable opportunity to present all
> material made pertinent to such a motion by
> Rule 56.

Fed. R. Civ. P. 12(b).

-2-

The plaintiff's attention is also directed to Rule 56 of the
Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if any,
> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be
> made on personal knowledge, shall set forth
> such facts as would be admissible in
> evidence, and shall show affirmatively that
> the affiant is competent to testify to the
> matters stated therein.  Sworn or certified
> copies of all papers or parts thereof
> referred to in an affidavit shall be attached
> thereto or served therewith.  The court may
> permit affidavits to be supplemented or
> opposed by depositions, answers to
> interrogatories, or further affidavits.  When
> a motion for summary judgment is made and
> supported as provided in this rule, an
> adverse party may not rest upon the mere
> allegations or denials of the adverse party's
> pleading, but the adverse party's response,
> by affidavits or as otherwise provided in
> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial.  If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local
Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be
> accompanied by a statement of material facts
> as to which the moving party contends there is
> no genuine issue, which shall include

-3-

> references to the parts of the record relied
> on to support the statement.  An opposition to
> such a motion shall be accompanied by a
> separate concise statement of genuine issues
> setting forth all material facts as to which
> it is contended there exists a genuine issue
> necessary to be litigated, which shall include
> references to the parts of the record relied
> on to support the statement . . . .  In
> determining a motion for summary judgment, the
> court may assume that facts identified by the
> moving party in its statement of material
> facts are admitted, unless such a fact is
> controverted in the statement of genuine
> issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits her own affidavits or documentary evidence showing that the defendant's assertions are untrue.  See Neal, 963 F.2d at 456.  Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may
> direct, an opposing party shall serve and file
> a memorandum of points and authorities in
> opposition to the motion.  If such a
> memorandum is not filed within the prescribed
> time, the court may treat the motion as
> conceded.

Local Civil Rule 7(b).

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party must or may act within a
> prescribed period after service and the

-4-

    service is made [by mail or by other means
    consented to in writing by the person
    served], 3 days are added after the
    prescribed period would otherwise expire.

Fed. R. Civ. P. 6(e).

    Accordingly, it is hereby

    ORDERED that plaintiff may have until August 13, 2007 to

supplement her response to defendant's motion to dismiss in light

of this order.

    SIGNED this 23rd day of July, 2007.


                    _____/s/_____
                    RICHARD W. ROBERTS
                    United States District Judge