UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**DIXIE GRALEY,**                   )
                                    )
       **Plaintiff,**         )
                                    )
   **v.**                           )   Civil Action No. 07-47 (RWR)
                                    )
**UZAN-HUNINGTON BANK,**            )
                                    )
       **Defendant.**         )
_____)

### MEMORANDUM OPINION

*Pro se* plaintiff Dixie Graley sued defendant Uzan-Hunington Bank ("Bank"), seeking damages for injuries incurred when she slipped and fell leaving the Bank building.[1] The Bank moved to dismiss the action for lack of subject matter jurisdiction.[2] Because there is no subject matter jurisdiction over Graley's claim, the Bank's motion to dismiss will be granted.

BACKGROUND

Graley, an Ohio citizen, was leaving the Bank building in Zanesville, Ohio, when she tripped over a metal strip in the doorway, fell against a brick wall, and sustained various injuries. Graley filed this case against the Bank seeking damages

---

[1] Graley names Uzan-Hunington Bank, which appears not to exist. A corporation which does exist, Huntington Bancshares Incorporated, assumed that the plaintiff intended to serve it, and it entered an appearance. (Def.'s Mot. to Dismiss at 5.)

[2] The Bank also moved to dismiss on other grounds which are not addressed here because subject matter jurisdiction is not established.

- 2 -

for her injuries.  In response, the Bank filed a motion to dismiss the action for lack of subject matter jurisdiction.[3]

## DISCUSSION

Because Graley is proceeding *pro se*, her complaint, however inartful, must be construed liberally.  See Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 520 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).  Nevertheless, "an admonition not too stringently to construe *pro se* pleadings is not a direction to construe them teleologically."  Sweatt v. United States Navy, 683 F.2d 420, 424 (D.C. Cir. 1982).

Before a court may address the merits of a complaint, it must be assured that it has the authority to exercise jurisdiction over the claims.  See Scott v. England, 264 F. Supp. 2d 5, 8 (D.D.C. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)).  The plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  Forrester v. United States Parole Comm'n, 310 F. Supp. 2d 162, 167 (D.D.C. 2004).  Because subject matter jurisdiction focuses on the court's authority to hear the claim, a court must "weigh the merits of

---

[3] Consistent with Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the *pro se* plaintiff was advised of her obligations regarding responding to the motion.  See Order, July 23, 2007.  Although Graley responded to the Bank's motion to dismiss, the opposition did not offer any reasoning directly addressing the issue of subject matter jurisdiction.

- 3 -

what is presented on a Rule 12(b)(1) motion to dismiss . . . and decide the question of subject matter jurisdiction," 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d ("Wright & Miller") § 1350 (2004), by examining the complaint and, "where necessary, . . . [by] consider[ing] the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). If the defendant facially challenges the basis for subject matter jurisdiction, the plaintiff's factual allegations are assumed to be true. See Wright & Miller, § 1350; see also Artis v. Greenspan, 223 F. Supp. 2d 149, 154 (D.D.C. 2002).

Graley has neither pled the grounds for subject matter jurisdiction nor alleged facts which would establish it. Subject matter jurisdiction in this case could exist if the complaint asserted a claim based on the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331 (federal question jurisdiction). Graley's complaint contains no such allegations. Instead, the facts she pleads in her complaint suggest a common law tort claim for personal injury. Alternatively, subject matter jurisdiction could be satisfied if Graley and the Bank were citizens of different states. 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). A corporation is a citizen of any state in which

- 4 -

it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Graley is a citizen of Ohio, and the Bank has its principal place of business in Ohio. Because all parties are citizens of Ohio, no diversity of citizenship is present here. No other basis for jurisdiction is apparent from Graley's filings.

## CONCLUSION

The allegations in Graley's *pro se* complaint, liberally construed as they must be, nevertheless fail to raise any colorable claim over which this court has subject matter jurisdiction. In particular, Graley's complaint presents no federal question and the parties are not diverse. Accordingly, Graley's complaint will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 6th day of September, 2007.

```
            /s/
RICHARD W. ROBERTS
United States District Judge
```